**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER KARIUKI, 05017630,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-910-K** |
| | ) | |
| **DALLAS COUNTY, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Dallas County Jail. He brings this suit pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are the Dallas County Jail, Dallas County, the University of Texas Medical Branch ("UTMB"), Steve Manna and Dr. Flengin.

**II. Background**

Plaintiff alleges that during his incarceration in the Dallas County Jail, he informed Defendants that he was epileptic and that he required medication. He states he was offered medication to which he was allergic. When he told the staff that he was allergic to the type of medication they offered, he states they told him he was refusing medication. Plaintiff alleges he

**Findings and Conclusions of the**
**United States Magistrate Judge**              Page -1-

was not offered any other medication for weeks, although he requested other medication.

Plaintiff claims he was also assigned to a top bunk, although he requested to be assigned to a low bunk.  He states that he has had numerous seizures and that because of these seizures he fell from the top bunk to the floor and injured himself.  He also states he received injuries when other inmates attempted to put a spoon in his mouth during one of his seizures.  Plaintiff seeks compensatory damages.

## III.  Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### A.      Dallas County Jail

Plaintiff names the Dallas County Jail as a defendant.  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government).  Governmental offices and departments do not have a separate legal existence. *See, e.g. Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 U.S. Dist. WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (finding Dallas County Sheriff's Department not a legal entity); *Lindley v. Bowles*, No. 3:02-CV-595-P, 2002 WL 1315466 at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant with a jural existence). *Prenosil v. Dallas County Jail,* No. 3:93-CV-1130-D, slip op. at 2 (N.D. Tex. Jan. 2, 1995) (same).  Dallas County Jail should therefore be dismissed.

### B.      UTMB

Plaintiff names the UTMB as a Defendant.  The Fifth Circuit has held that the UTMB is an agency of the State of Texas and, as such, is immune to suit in federal court under the Eleventh Amendment. *Sampson v. United States*, 73 Fed. Appx. 48, 49 (5th Cir. 2003) (unpublished per curiam).  Plaintiff's claims against UTMB should therefore be dismissed.

### C.      Remaining Defendants

Plaintiff argues Defendants Steve Manna, Dr. Flengin and Dallas County refused to

provide him with proper medical care for epilepsy and as a result, he suffered injuries. Plaintiff's denial of medical care claim is governed by the "deliberate indifference" standard of the Eighth Amendment to the United States Constitution.  U.S. CONST. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish a constitutional violation, Plaintiff must show that jail officials acted with deliberate indifference to his medical needs such as to cause the "unnecessary or wanton infliction of pain."  *Id*. 429 U.S. at 106.  This requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk.  *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous.  The Court finds that Plaintiff's claims against these Defendants should proceed and process should be issued as to these Defendants

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims against Dallas County, Steve Manna and Dr. Flengin should proceed and process should be issued as to these Defendants; and (2) Plaintiff's claims against the Dallas County Jail and the UTMB should be dismissed with prejudice as frivolous.

Signed September 8, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-