IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER KARIUKI,        ) | |
|     Plaintiff,        ) | |
| ) | |
| v.        ) | No. 3:05-CV-910-K |
| ) | |
| DALLAS COUNTY, et al.,        ) | |
|     Defendants.        ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge for pretrial management. On July 28, 2006, Defendant Kathryn Flangin filed a Motion to Dismiss. Plaintiff failed to respond to the Motion to Dismiss. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

On May 4, 2005, Plaintiff filed this complaint alleging that Defendants violated his civil rights. On May 31, 2005, Plaintiff was granted leave to proceed *in forma pauperis* and notified that he is required to notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk. Plaintiff was further advised that failure to file such notice may result in this case's dismissal for failure to prosecute. (Order of May 31, 2005.) On September 8, 2005, the Court attempted to serve its "Findings, Conclusions, and Recommendation of the United States Magistrate Judge" on Plaintiff at the address he had provided. The correspondence was returned as undeliverable because Plaintiff was no longer at the Dallas County Jail. Similarly, on December 7, 2005, the Court attempted to serve the Order Adopting the Findings, Conclusions, and Recommendation on Plaintiff. That mail was also

returned as undeliverable. On July 7, 2006, this Court ordered Plaintiff to file a Reply pursuant to FED. R. CIV. P. 7(a) no later than July 20, 2006. The Court's order was returned as undeliverable, and Plaintiff failed to file the Reply as ordered. Plaintiff has failed to keep the Court advised of his address as he was ordered to do.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Plaintiff has failed to comply with the Court's Order of May 31, 2005, to advise the Clerk in writing of his current address. The Court has no way to contact Plaintiff. He has not received nor responded to the Court's Order to file a Rule 7(a) Reply. Additionally, he has not responded to Ms. Flangin's Motion to Dismiss. His complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court grant Ms.

Flangin's Motion to Dismiss, filed July 28, 2006, and dismiss the Complaint without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

   Signed August 31, 2006.

                                        _____
                                        PAUL D. STICKNEY
                                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).